Charles D. GIANETTI, MD,
Plaintiff–Appellant,

v.

BLUE CROSS & BLUE SHIELD OF CT., INC., et al., Defendants–
Appellees.

No. 08–2747–cv.

United States Court of Appeals,
Second Circuit.

Nov. 3, 2009.

Charles D. Gianetti, Bridgeport, CT, pro se.

Michael G. Durham, Matthew H. Geelan, Donahue, Durham & Noonan, P.C., Guilford, CT, for Appellees.

PRESENT: DENNIS JACOBS, Chief Judge, AMALYA L. KEARSE, Circuit Judge, PAUL G. GARDEPHE,* District Judge.

## SUMMARY ORDER

Appellant Charles D. Gianetti, *pro se*, appeals the district court's dismissal of his complaint under Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted, as well as its refusal to grant him leave to amend his complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

■■■ As a preliminary matter, because Gianetti does not challenge the district court's dismissal of his breach of contract, quantum meruit, and unjust enrichment claims, we deem those claims abandoned. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir.1995). Because Gianetti did not argue before the district court that Conn. Gen.Stat. § 20–7f(b) was unconstitutional, we decline to consider that claim or his related argument that the dismissal of his complaint violated his due process rights because it prevented him from challenging the constitutionality of that state law. *See Singleton v. Wulff*, 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

I. Motion for Leave to Amend

■■■ We review the denial of a motion for leave to amend the complaint for abuse of discretion. *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir.2001). Here, nothing in the record suggests that the district court abused its discretion by refusing to grant Gianetti leave to amend his complaint. Gianetti's long history of bringing vexatious claims against former patients and insurance providers suggests the appearance of bad faith in the instant complaint.

II. Dismissal under Rule 12(b)(6).

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir.2002). As a preliminary matter, Gianetti concedes that the employee benefit plan at issue is governed by Employee Retirement Income Security Act of 1974 ("ERISA"), and that the basis for the instant action is his receipt of an assignment of benefits pursuant to that ERISA-regulated benefit plan. 29 U.S.C. § 1001 *et seq.* Accordingly, the only issue he challenges on appeal is the district court's determination that his fraud, misrepresentation, and Connecticut Unfair Trade Practices Act ("CUTPA") claims were preempted by ERISA.

■■■ Gianetti's fraud, misrepresentation, and CUTPA claims concern the existence or extent of benefits under an ERISA-regulated employee benefit plan (of which Gianetti is an assignee). As the district court ruled, all of his claims are therefore preempted by ERISA, since, absent the

---

* Paul G. Gardephe, Judge of the United States District Court for the Southern District of New York, sitting by designation.

ERISA plan, Gianetti would have no cause of action against the Defendants. *Aetna Health Inc. v. Davila,* 542 U.S. 200, 214, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004) (where cause of action does not attempt to remedy any violation of a legal duty independent of ERISA, the claim is completely preempted by that statute).

We have considered all of Gianetti's remaining claims of error and found them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AF-FIRMED**.